UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK



The Hamilton Group, Inc., individually
and as a successor in interest to AWM
Transportation Co., Inc.,

                          Plaintiff,         Case No.
                                            5:03-CV-00849

-v-

U.S. Fence, LLC and Fenclo Ltee,     **04-40144**

                                     Defendants/Third
                                     Party Plaintiffs,

-v-

AWM Transportation, Inc.,

                                     Third Party
                                     Defendant

---

APPEARANCES:                         OF COUNSEL:

HOLLAND & KNIGHT, LLP           SUSAN P. MacFARLANE
Attorneys for Defendants/ Third Party
    Plaintiffs
195 Broadway
New York, New York 10007

GREENE, HERSHDORFER & SHARPE    BETH A. BROWNSON
Attorneys for Third Party Defendants
One Lincoln Center
Suite 330
Syracuse, New York 13202-1309

**E C F   D O C U M E N T**
I certify that this is a printed copy of a document which was electronically filed with the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK.
LAWRENCE K. BAERMAN, CLERK
Dated: 7/23/04
By: _____ Deputy Clerk



McCURN, Senior District Judge

### SUMMARY ORDER

The parties to this action stipulate to a transfer of venue to the United States District Court for the District of Massachusetts, Western Division. This stipulation comes before the court after a motion to dismiss by third party defendant, which is still pending, for lack of jurisdiction and proper venue pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3).

Presently, the sole remaining action before this court is between defendants/third party plaintiffs, U.S. Fence, LLC, a company organized and existing under the laws of the State of Ohio, and Fenclo Ltee, a company organized and existing under the laws of the Province of Quebec, Country of Canada, and third party defendant, AWM Transportation, Inc. ("AWM"), a Massachusetts corporation with an office for transacting business in Webster, Massachusetts. Third Party Compl. ¶¶ 1, 2, 4. The action between plaintiff, Hamilton Group and defendants/third party plaintiffs was voluntarily discontinued by plaintiff and approved by the Magistrate Judge on May 20, 2004.

Notwithstanding the stipulation of the parties, the court must address the issue of whether venue would be proper in the District of Massachusetts, Western Division. Initially, however, the court will also briefly discuss AWM's motion to dismiss.

According to AWM, this court lacks jurisdiction over the parties pursuant to Fed. R. Civ. P. 12(b)(2). In support of its motion to dismiss on this ground, AWM argues that the remaining action before the court is based on supplemental jurisdiction, and pursuant to 28 U.S.C. § 1367, the court may, in its discretion,

2

decline to exercise same now that the main action has been discontinued. It is worth noting initially that an exercise of supplemental jurisdiction gives the court jurisdiction over the subject matter, not the parties, such that AWM's motion based on lack of supplemental jurisdiction would have more properly been brought pursuant to Fed. R. Civ. P. 12(b)(1). Nonetheless, because the parties are diverse and the amount in controversy exceeds $75,000, the court has subject matter jurisdiction over the pending third party action.

Also in support of its motion pursuant to Rule 12(b)(2), AWM argues that "[s]ince none of the remaining parties are New York State domiciliaries, the case should be dismissed for lack of jurisdiction." See Third Party Def.'s Mem. of Law in Supp. of its Mot. to Dismiss at 3, Dkt. No. 21. Moreover, AWM argues that "[t]here is no contention [in the Third Party Complaint] that any of the acts or omissions of AWM occurred in New York State." Aff. of Beth Brownson in Supp. of Third Party Def.'s Mot. to Dismiss, June 1, 2003, ¶ 13, Dkt. No. 21. However, New York's long arm statute provides for jurisdiction of a non-domiciliary who, among other things, "transacts business within the state or contracts anywhere to supply goods or services within the state." See N.Y. C.P.L.R. § 302(a)(1) (McKinney 2003). According to the third party plaintiffs, personal jurisdiction exists "because, among other things, AWM is doing business in the State of New York and AWM sold the accounts receivable at issue in this litigation to a New York corporation, Hamilton, giving rise to this action." Third Party Compl. ¶ 7. Such an allegation set forth in the complaint will allow the third party plaintiffs to survive a motion to dismiss. See Maldonado v. Rogers, 99 F.Supp.2d 235, 240 (N.D.N.Y. 2000).

Next, AWM argues that the complaint should be dismissed for lack of

3

venue pursuant to Fed. R. Civ. P. 12(b)(3), or alternatively, the court should exercise its discretion to transfer venue to the Massachusetts District Court pursuant to 28 U.S.C. §§ 1404 and 1406.

Pursuant to 28 U.S.C. § 1391(a), where, as here, a civil action is founded only on diversity of citizenship, it may be brought *only in*

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (2003) (emphasis added). AWM contends that personal jurisdiction is lacking in New York, but venue is proper in Massachusetts, where it resides and is subject to personal jurisdiction. However, as set forth in the Third Party Complaint, "a substantial part of the events and/or omissions giving rise to plaintiff Hamilton's claims occurred in this District." Third Party Compl. ¶ 6. Again, the court finds that such an allegation in the complaint will not allow AWM to prevail on its motion to dismiss.

Alternatively, AWM requests that this court exercise its discretion to transfer venue to the District Court in Massachusetts. Also presently before the court is the parties' stipulation to a transfer of venue to the District of Massachusetts, Western Division. However, the parties' stipulation is not controlling. Before ordering a transfer of venue, this court must first determine whether venue would in fact be proper in the District of Massachusetts.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to

any other district or division where it might have been brought." In order to determine whether a transfer of venue is appropriate pursuant to § 1404(a), the court must first answer the threshold question of "whether the action could have been brought in the district to which transfer is sought." Meteoro Amusement Corp. v. Six Flags, 267 F.Supp.2d 263, 279 (N.D.N.Y. 2003) (citation omitted). Here, AWM and the third party plaintiffs agree that AWM is a Massachusetts corporation, with an office for transacting business in Webster, Massachusetts. Therefore, the threshold question is answered in the affirmative. That being the case, the court may exercise its discretion to transfer venue, considering the following factors:

> the convenience to parties; the convenience of witnesses; the relative ease of access to sources of proof; the availability of process to compel attendance of unwilling witnesses; the cost of obtaining willing witnesses; practical problems that make trial of a case easy, expeditious, and inexpensive; and the interests of justice.

Id., 267 F.Supp.2d at 279 (citation omitted).

AWM contends that the proof relating to the merits of the underlying claims is located in Massachusetts. Moreover, it points out that the plaintiff, Hamilton, who chose this court as the forum, is no longer a party to the action. The court finds that these factors, coupled with the remaining parties' stipulation to a change in venue, warrant granting that request.

Therefore, for the foregoing reasons,

third party defendant, AWM Transportation, Inc.'s motion to dismiss is hereby DENIED; and

the request of the third party defendant, AWM Transportation, Inc. and the defendants/third party plaintiffs, U.S. Fence, LLC and Fenclo Ltee for a transfer of

venue to the United States District Court for the District of Massachusetts, Western Division is hereby GRANTED.

IT IS SO ORDERED.

DATED: July 22, 2004
Syracuse, NY

_____
Neal P. McCurn
Senior U.S. District Judge