

ORIGINAL

John J. Reilly (JJR 9031)
Holland & Knight LLP
195 Broadway
New York, New York 10007
(212) 513-3200

04-40144

Attorneys for Defendant Fenclo Ltée and U.S. Fence, LLC

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

THE HAMILTON GROUP (DELAWARE), INC.
Individually and as successor in interest to
AWM TRANSPORTATION CO., INC.,

    Plaintiff,

v.

U.S. FENCE, LLC, and FENCLO LTEE,

    Defendants.

Civil Action No.

03-CV-084

**NOTICE OF REMOVAL**

NPM / DEP

---

    PLEASE TAKE NOTICE that, on this date, defendants Fenclo Ltée ("Fenclo") and U.S. Fence, Inc., f/k/a U.S. Fence LLC (together "Defendants"), by and through its attorneys, Holland & Knight LLP, respectfully files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and states as follows:

    1.    On or about June 3, 2003 plaintiff The Hamilton Group (Delaware), Inc. ("Plaintiff") commenced an action against Defendants by filing a Complaint in the Supreme Court of New York, Onondaga, Index Number 2003-3498 (the "State Court Action").

    2.    On June 10, 2003, Plaintiff delivered by mail the Summons and Complaint to Fenclo, located in Quebec, Canada. Copies of the Summons and

Complaint were then forwarded to U.S. Fence, Inc. A copy of all process, pleadings, and orders served upon Fenclo is annexed to this Notice of Removal as Exhibit A.

3. The United States District Court for the Northern District of New York embraces the place where the State Court Action is pending.

4. Plaintiff purports to be a resident of the County of Onondaga, State of New York. See Complaint ¶1, attached at Exhibit A.

5. At the time the Complaint was filed in the State Court and at all times thereafter, Fenclo was and is a corporation organized and existing under the laws of Canada with its principal place of business in Quebec, Canada.

6. Upon information and belief, at the time the Complaint was filed in the State Court and at all times thereafter, defendant U.S. Fence, Inc. was and is a corporation organized and existing under the laws of Ohio with its principal place of business in Middlebury Heights, Ohio.

7. The amount in controversy exceeds $75,000, exclusive of interest and costs. See Complaint ¶¶13-14, attached at Exhibit A.

8. The district courts of the United States have original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 because complete diversity exists between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Notice of Removal is signed subject to Federal Rule of Civil Procedure 11, and is filed within thirty (30) days of Defendants' receipt, through

service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based, as provided by 28 U.S.C. § 1446.

10. Based upon the foregoing, Defendants respectfully submit that removal of the State Court action to this Court is permissible pursuant to 28 U.S.C. §§1332, 1441 and 1446.

11. By filing this Notice of Removal, Defendants reserve all of their defenses, including, but not limited to, defenses regarding venue and limitations of action.

PLEASE TAKE FURTHER NOTICE that Defendants, upon filing of this Notice of Removal in the Office of the Clerk of the United States District Court for the Northern District of New York, will, as required by 28 U.S.C. § 1446(d), file a copy of the Notice of Removal with the Clerk of the Supreme Court of New York, Onondaga County, and will serve a copy of the same upon Plaintiff.

Dated:  New York, New York
        July 8, 2003

                                        HOLLAND & KNIGHT LLP

                                    By: _____
                                        John J. Reilly (JJR 9031)
                                        195 Broadway
                                        New York, New York 10007
                                        (212) 513-3200

                                        Attorneys for Defendants
                                        Fenclo Ltée and U.S. Fence, Inc.

STATE OF NEW YORK
SUPREME COURT     ONONDAGA COUNTY

---

THE HAMILTON GROUP (DELAWARE), INC.
Individually and as successor in interest to
AWM TRANSPORTATION CO., INC.

COMPLAINT

INDEX NO. 2003-3498

Plaintiff,

v.

U.S. FENCE, LLC, and FENCLO LTEE,

Defendants.

---

The Hamilton Group (Delaware), Inc., by and through its attorneys, Sonneborn, Spring, O'Sullivan & Zenzel, P.C., complaining of the Defendants, herein allege as follows:

1. Plaintiff, The Hamilton Group (Delaware), Inc. (hereinafter referred to as "Hamilton") is a Delaware corporation and is authorized to do business in the State of New York and having its principal office for the transaction of business at 100 Elwood Davis Road, North Syracuse, New York.

2. Upon information and belief, Defendant, U.S. Fence, LLC (hereinafter referred to as "U.S. Fence") is an Ohio Limited Liability Company, with an office for the transaction of business at 7830 Freeway Circle, Middleburg Heights, Ohio.

3. Upon information and belief, Defendant, Fenclo Ltee (hereinafter referred to as "Fenclo") is a Canadian Corporation, with an office for the transaction of business at 583 Grand Bernier Nord, Saint-Jean-sur-Richelieu, J3B 8K1 Quebec, Canada.

4. Upon information and belief, AWM Transportation Co., Inc. (hereinafter referred to as "AWM") is a Massachusetts Corporation, with an office for the transaction of business at

1

107 Lake Street, Webster, Massachusetts.

5. Hamilton is in the business of, purchasing account receivables from businesses and companies and purchased certain receivables from AWM.

6. Upon information and belief, AWM was in the business of storing, processing, delivering and repairing goods for its commercial clients.

7. Upon information and belief, AWM delivered services and labor to U.S. Fence and Fenclo, and in the course of its business, invoiced U.S. Fence and Fenclo for said services and labor. All of said services and labor as referenced in said invoice have been delivered to U.S. Fence and Fenclo.

8. Hamilton purchased certain receivables of AWM, including particular receivables of AWM which arose from the above referenced services, labor and resulting invoices, notified U.S. Fence and Fenclo of those purchases. Upon information and belief U.S. Fence and Fenclo have acknowledged those purchases made by Hamilton to AWM.

9. Both AWM and Hamilton have made good, timely demand on U.S. Fence and Fenclo to pay the invoices purchased by Hamilton.

10. Defendants have failed to pay to Hamilton funds due to Hamilton. These payments relate to unpaid invoices from AWM to U.S. Fence and Fenclo which were purchased by Hamilton from AWM.

11. Upon information and belief, in early 2002, Fenclo acquired all of the stock and/or assets and liabilities of U.S. Fence, and is the successor in interest to U.S. Fence, and/or U.S. Fence is a subsidiary of Fenclo.

2

## AS AND FOR FIRST CAUSE OF ACTION

12. Plaintiff repeats and realleges the allegations as contained in paragraphs numbered 1-11 of the Complaint as if fully set forth herein.

13. As of the date of the Complaint, there is past due and owing from Defendants, U.S. Fence and Fenclo, the sum of $87,061.00.

14. Despite Plaintiff's demands that Defendants, U.S. Fence and Fenclo, pay the past due amount, said sum remains due and owing. Wherefore, Plaintiff demands from U.S. Fence and Fenclo, pursuant to the terms of the invoices, the sum of $87,061.00.

WHEREFORE, Plaintiff seeks damages in the amount of $87,061.00 together with other, further and different relief as this Court deems just and proper.

Dated: June 2, 2003

Laura L. Spring, Esq.
SONNEBORN, SPRING, O'SULLIVAN
& ZENZEL, P.C.
Attorneys for Plaintiff
241 West Fayette Street
Syracuse, New York 13202
TEL: (315) 471-2151

John J. Reilly (JJR 9031)
Holland & Knight LLP
195 Broadway
New York, New York 10007
(212) 513-3200
Attorneys for Defendant Fenclo Ltée and U.S. Fence, LLC

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
THE HAMILTON GROUP (DELAWARE), INC.
Individually and as successor in interest to
AWM TRANSPORTATION CO., INC.,

                              Plaintiff,

        v.

U.S. FENCE, LLC, and FENCLO LTEE,

                              Defendants.
-----------------------------------------------------------------x

Civil Action No. 03CV0849
(NPM/DEP)

**AFFIRMATION OF SERVICE**

State of New York  )
                       ) SS.:
County of New York )

      RUDY D. GREEN, an attorney admitted to practice in the Courts of the State of New York, affirms under penalty of perjury:

      That on July 11, 2003, I served a true copy of the attached Notice of Removal, the ADR Notice to Litigants, the ADR Programs Handbook, and the Notice of Case Management Conference and Civil Case Management Plan, by mailing the same in a duly enclosed prepaid and sealed wrapper with postage prepaid thereon in a post office or official depository of the United States Postal Service within the State of New York and addressed to:

      Sonneborn, Spring, O'Sullivan & Zenzel, P.C.
      241 West Fayette St.
      Syracuse, N.Y. 13202

                                                          RUDY D. GREEN

Dated: July 11, 2003

**ORIGINAL**

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

*5:03CV-849 NPM/DEP*

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
The Hamilton Group (Delaware), Inc.

## DEFENDANTS
U.S. Fence, Inc. and Fenclo Ltee

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)
Onondaga County, New York  *M# 67X00*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT *Jms*
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.
Cuyahoga County, Ohio  *Rule 16  9/14/03 @ 10:30am*

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Sonneborn, Spring, O'Sullivan & Zanzel, P.C.
241 West Fayette St.
Syracuse, NY 13202  (315) 471-2151

ATTORNEYS (IF KNOWN)
Holland & Knight LLP
195 Broadway
New York, NY 10007  (212) 513-3200

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Action removed under 28 U.S.C. Sec. 1332, 1441 and 1446

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 87,061.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: July 8, 2003
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____