John J. Reilly (JJR 9031)
Holland & Knight LLP
195 Broadway
New York, New York 10007
(212) 513-3200

**04 - 40144**

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED

AT _____ O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

Attorneys for Defendant Fenclo Ltée and U.S. Fence Inc.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

THE HAMILTON GROUP (DELAWARE), INC.
Individually and as successor in interest to
AWM TRANSPORTATION CO., INC.,

     Plaintiff,

v.

U.S. FENCE, LLC, and FENCLO LTEE,

     Defendants.

No. 5:03 – CV – 849 NPM/DEP

ANSWER TO COMPLAINT

---

  Defendants Fenclo Ltée and U.S. Fence Inc., f/k/a U.S. Fence, LLC ("Defendants"), by their attorneys, Holland & Knight LLP, for their Answer to plaintiff The Hamilton Group (Delaware) Inc.'s ("Plaintiff") Complaint, states as follows:

  1. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

  2. Defendants admit that U.S. Fence Inc. is an Ohio corporation with an office at the location stated. Further answering, Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit that AWM provided some service and labor to Defendants in the past, but deny that AWM provided the service and labor listed in recent invoices delivered to Defendants. Further answering, Defendants object to Plaintiff's allegations in paragraph 7 as being vague and ambiguous, and Defendants' answer herein is subject to that objection.

8. Defendants lack sufficient knowledge or information to form a belief as to the truth of whether Plaintiff purchased certain AWM receivables. Defendants deny the remaining allegations contained in Paragraphs 8 of the Complaint.

9. Defendants admit that demand has been made on them for payment of certain invoices, but deny that the amounts claimed in the invoices are actually owed. Further answering, Defendants deny that the demands were timely or properly made. Further answering, Defendants object to Plaintiff's allegations in Paragraph 9 as being vague and ambiguous, and Defendants' answer herein is subject to that objection.

-3-

10. Defendants admit that they have not paid some invoices sent by AWM, but deny that the amounts claims in the invoices are actually owed. Further answering, Defendants object to Plaintiff's allegations in Paragraph 10 as being vague and ambiguous, and Defendants' answer herein is subject to that objection.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants repeat their responses to paragraphs 1 – 11 of the Complaint as though fully set forth herein.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

## **DEFENSES**

1. Plaintiff's claims against Defendants are barred by the doctrines of waiver, laches and estoppel.

2. Even if Plaintiff's allegations as to amounts owed by Defendants are true, which Defendants deny, Defendants are entitled to a set off in an amount which exceeds the amount claimed by Plaintiff as a result of damage and theft to Defendants' products which was caused by AWM and its employees.

3. As AWM has failed to mitigate damages in the underlying contracts between AWM and Defendants as required by applicable law, Plaintiff cannot recover for losses due to AWM's failure to mitigate damages.

4. Plaintiff's claims against Defendants should have been brought in the court encompassing the location of the service and labor allegedly performed by AWM. Therefore, Plaintiff has chosen an inconvenient and improper venue.

5. The payment sought by Plaintiff is in excess of the sum agreed to in the underlying contracts between AWM and Defendants.

6. The underlying contracts between AWM and Defendants were terminated by agreement of the parties prior to the time period corresponding to any invoices which Plaintiff alleges are due to be paid by Defendants.

7. Defendants performed all of their obligations under the underlying contracts between AWM and Defendants.

8. Plaintiff's claims are barred by AWM's material breach of the underlying contracts between AWM and Defendants and AWM's failure to satisfy

the conditions precedent of those contracts, including, but not limited to, storing and maintaining Defendants' products in a safe, secure and protected area to prevent damage and theft.

9. Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and inequitable conduct.

10. Plaintiff has sustained no loss or damage of any nature whatsoever as a result of the alleged acts or omissions of Defendants and, therefore, Plaintiff is precluded from recovery of damages from Defendants.

11. Defendants reserve the right to assert any and all additional defenses as may be revealed by further investigation and discovery.

WHEREFORE, Defendants Fenclo Ltée and U.S. Fence Inc. respectfully request that the Court enter judgment dismissing the Complaint against them in its entirety, together with attorney's fees, costs and disbursements of this action and that the Court grant such further relief as the Court may deem just and proper.

Dated: July 15, 2003

HOLLAND & KNIGHT, LLP

By _____

John J. Reilly (JJR 9031)
195 Broadway
New York, New York 10007
(212) 513-3200

Attorneys for Defendants
Fenclo Ltée and U.S. Fence Inc.

-6-

To:    Laura L. Spring, Esq.
        SONNEBORN, SPRING, O'SULLIVAN
        & ZENZEL, P.C.
        241 West Fayette Street
        Syracuse, New York 13202
        (315) 471-2151

        Attorneys for Plaintiff
        The Hamilton Group (Delaware), Inc.

## ATTORNEY'S AFFIRMATION OF SERVICE VIA MAIL

State of New York  )
                   ) SS.:
County of New York )

RUDY D. GREEN, an attorney admitted to practice in the Courts of the State of New York, affirms under penalty of perjury:

That on July 15, 2003, I served a true copy of the attached Answer, by mailing the same in a duly enclosed prepaid and sealed wrapper with postage prepaid thereon in a post office or official depository of the United States Postal Service within the State of New York and addressed to:

Sonneborn, Spring, O'Sullivan & Zenzel, P.C.
241 West Fayette Street
Syracuse, New York 13202

_____
RUDY D. GREEN

Dated: July 15, 2003