UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
THE HAMILTON GROUP (DELAWARE), INC. )
Individually and as successor in interest to )
AWM TRANSPORTATION CO., INC.,       )
                                    )
        Plaintiff,                  )
    v.                              )
                                    )
U.S. FENCE, LLC and FENCLO LTEE,    )      No. 4:04-CV-40144-FDS
                                    )
        Defendants/Third-Party      )
        Plaintiffs/Third-Party      )
        Counter-defendants,         )
    v.                              )
                                    )
AWM TRANSPORTATION, INC.,           )
                                    )
        Third-Party Defendant/      )
        Third-Party Counter-plaintiff. )
_____ )

**AWM TRANSPORTATION, INC.'S <u>ANSWER</u> TO THIRD-PARTY COMPLAINT**
and
**AWM TRANSPORTATION, INC.'S <u>COUNTERCLAIMS</u> AGAINST U.S. FENCE, LLC and FENCLO LTEE**

NOW COMES AWM Transportation, Inc. (hereinafter 'AWM'), by counsel, and as Answer to the Third-Party Complaint states:

<u>The Parties</u>
1. The Third-Party Counter-plaintiff is without sufficient knowledge to admit or deny the allegations and information contained in paragraph 1 of the Third-Party Complaint.
2. The Third-Party Counter-plaintiff is without sufficient knowledge to admit or deny the allegations and information contained in paragraph 1 of the Third-Party Complaint.
3. The Third-Party Counter-plaintiff is without sufficient knowledge to admit or deny the allegations and information contained in paragraph 1 of the Third-Party Complaint.
4. The Third-Party Counter-plaintiff admits that it was a Massachusetts corporation for the vast majority of time during which the events central to this lawsuit took place, but denies that it was located at 107 Lake Street in Webster, Massachusetts. AWM Transportation, Inc. was located at 3 Railroad Avenue in Webster, Massachusetts.

>AWM is currently headquartered at 1405 Riverside Drive, North Grosvenordale, Connecticut.

Jurisdiction and Venue
5. The Third-Party Counter-plaintiff admits the information contained in paragraph 5 of the Third-Party Complaint.
6. The Third-Party Counter-plaintiff denies the information contained in paragraph 6 of the Third-Party Complaint because it pertains to events and/or omissions occurring in New York State. This paragraph does not require any further response as the above captioned litigation has been transferred to federal district court in the state of Massachusetts.
7. The Third-Party Counter-plaintiff denies the information contained in paragraph 7 of the Third-Party Complaint because it pertains to jurisdiction in New York State. This paragraph does not require any further response as the above captioned litigation has been transferred to federal district court in the state of Massachusetts.

Factual Background
8. The Third-Party Counter-plaintiff admits the information contained in paragraph 8 of the Third-Party Complaint.
9. The Third-Party Counter-plaintiff admits the information contained in paragraph 9 of the Third-Party Complaint.
10. The Third-Party Counter-plaintiff admits the information contained in paragraph 10 of the Third-Party Complaint.
11. The Third-Party Counter-plaintiff admits that Fenclo and AWM operated under a contract, but denies all remaining allegations and information contained in paragraph 11 of the Third-Party Complaint.
12. The Third-Party Counter-plaintiff admits that AWM and U.S. Fence entered into an agreement under which AWM agreed to, among other things, store products for U.S. Fence, but denies all remaining allegations and information contained in paragraph 12 of the Third-Party Complaint.
13. This paragraph does not require a response from the Third-Party Counter-plaintiff because it calls for a legal conclusion, and the Third-Party Counter-plaintiff therefore denies.
14. The Third-Party Counter-plaintiff admits the information contained in paragraph 14 of the Third-Party Complaint.
15. The Third-Party Counter-plaintiff admits the information contained in paragraph 15 of the Third-Party Complaint.
16. The Third-Party Counter-plaintiff admits the information contained in paragraph 16 of the Third-Party Complaint.
17. The Third-Party Counter-plaintiff denies the information contained in paragraph 17 of the Third-Party Complaint.
18. The Third-Party Counter-plaintiff denies the information contained in paragraph 18 of the Third-Party Complaint.
19. The Third-Party Counter-plaintiff denies the information contained in paragraph 19 of the Third-Party Complaint.

20. The Third-Party Counter-plaintiff admits the information contained in paragraph 20 of the Third-Party Complaint.
21. The Third-Party Counter-plaintiff admits the information contained in paragraph 21 of the Third-Party Complaint.
22. The Third-Party Counter-plaintiff is without sufficient knowledge to admit or deny the allegations and information contained in paragraph 22 of the Third-Party Complaint.
23. The Third-Party Counter-plaintiff is without sufficient knowledge to admit or deny the allegations and information contained in paragraph 23 of the Third-Party Complaint.
24. The Third-Party Counter-plaintiff denies the information contained in paragraph 24 of the Third-Party Complaint.
25. The Third-Party Counter-plaintiff admits that it became aware of a Notice of Redirection at some point, but denies all remaining information and allegations contained in paragraph 25 of the Third-Party Complaint.
26. The Third-Party Counter-plaintiff denies the information contained in paragraph 26 of the Third-Party Complaint.
27. The Third-Party Counter-plaintiff is without sufficient knowledge to admit or deny the allegations and information contained in paragraph 27 of the Third-Party Complaint.
28. The Third-Party Counter-plaintiff is without sufficient knowledge to admit or deny the allegations and information contained in paragraph 28 of the Third-Party Complaint.
29. The Third-Party Counter-plaintiff is without sufficient knowledge to admit or deny the allegations and information contained in paragraph 29 of the Third-Party Complaint.
30. The Third-Party Counter-plaintiff denies the information contained in paragraph 30 of the Third-Party Complaint.
31. The Third-Party Counter-plaintiff admits that products were stolen, but denies all remaining information and allegations contained in paragraph 31 of the Third-Party Complaint.
32. The Third-Party Counter-plaintiff denies the information contained in paragraph 32 of the Third-Party Complaint.
33. The Third-Party Counter-plaintiff denies the information contained in paragraph 33 of the Third-Party Complaint.
34. The Third-Party Counter-plaintiff denies the information contained in paragraph 34 of the Third-Party Complaint.
35. The Third-Party Counter-plaintiff denies the information contained in paragraph 35 of the Third-Party Complaint.
36. The Third-Party Counter-plaintiff denies the information contained in paragraph 36 of the Third-Party Complaint.
37. The Third-Party Counter-plaintiff denies the information contained in paragraph 37 of the Third-Party Complaint.
38. The Third-Party Counter-plaintiff admits that the Agreements were not renewed, but denies all remaining information and allegations contained in paragraph 38 of the Third-Party Complaint.

39. The Third-Party Counter-plaintiff admits that the Agreements were not renewed, but denies all remaining information and allegations contained in paragraph 39 of the Third-Party Complaint.
40. The Third-Party Counter-plaintiff denies the information contained in paragraph 40 of the Third-Party Complaint.
41. The Third-Party Counter-plaintiff denies the information contained in paragraph 41 of the Third-Party Complaint.

Count I: Breach of Contract
42. The Third-Party Counter-plaintiff incorporates by reference its responses to paragraphs 1 through 41 of the Third-Party Complaint.
43. The Third-Party Counter-plaintiff admits that the agreement required AWM to protect Fenclo's product, but denies all remaining allegations and information contained in paragraph 43 of the Third-Party Complaint.
44. The Third-Party Counter-plaintiff admits the information contained in paragraph 44 of the Third-Party Complaint.
45. The Third-Party Counter-plaintiff admits the information contained in paragraph 45 of the Third-Party Complaint.
46. The Third-Party Counter-plaintiff denies the information contained in paragraph 46 of the Third-Party Complaint.
47. The Third-Party Counter-plaintiff denies the information contained in paragraph 47 of the Third-Party Complaint.
48. The Third-Party Counter-plaintiff denies the information contained in paragraph 48 of the Third-Party Complaint.
49. This paragraph does not require a response from the Third-Party Counter-plaintiff because it calls for a legal conclusion, and the Third-Party Counter-plaintiff therefore denies.
50. The Third-Party Counter-plaintiff denies the information contained in paragraph 50 of the Third-Party Complaint.
51. The Third-Party Counter-plaintiff denies the information contained in paragraph 51 of the Third-Party Complaint.

Count II: Breach of Contract
52. The Third-Party Counter-plaintiff incorporates by reference its responses to paragraphs 1 through 51 of the Third-Party Complaint.
53. The Third-Party Counter-plaintiff admits that the agreement required AWM to protect U.S. Fence's product, but denies all remaining allegations and information contained in paragraph 53 of the Third-Party Complaint.
54. The Third-Party Counter-plaintiff admits the information contained in paragraph 54 of the Third-Party Complaint.
55. The Third-Party Counter-plaintiff admits the information contained in paragraph 55 of the Third-Party Complaint.
56. The Third-Party Counter-plaintiff denies the information contained in paragraph 56 of the Third-Party Complaint.
57. The Third-Party Counter-plaintiff denies the information contained in paragraph 57 of the Third-Party Complaint.

58. The Third-Party Counter-plaintiff denies the information contained in paragraph 58 of the Third-Party Complaint.
59. The Third-Party Counter-plaintiff denies the information contained in paragraph 59 of the Third-Party Complaint.
60. The Third-Party Counter-plaintiff denies the information contained in paragraph 60 of the Third-Party Complaint.
61. The Third-Party Counter-plaintiff denies the information contained in paragraph 61 of the Third-Party Complaint.
62. The Third-Party Counter-plaintiff denies the information contained in paragraph 62 of the Third-Party Complaint.

Count III: Unjust Enrichment
63. The Third-Party Counter-plaintiff incorporates by reference its responses to paragraphs 1 through 62 of the Third-Party Complaint.
64. The Third-Party Counter-plaintiff admits the information contained in paragraph 64 of the Third-Party Complaint.
65. The Third-Party Counter-plaintiff admits that AWM signed a Notice of Redirection, but denies all remaining allegations and information contained in paragraph 65 of the Third-Party Complaint.
66. The Third-Party Counter-plaintiff denies the information contained in paragraph 66 of the Third-Party Complaint.
67. The Third-Party Counter-plaintiff denies the information contained in paragraph 67 of the Third-Party Complaint.
68. The Third-Party Counter-plaintiff denies the information contained in paragraph 68 of the Third-Party Complaint.
69. The Third-Party Counter-plaintiff denies the information contained in paragraph 69 of the Third-Party Complaint.

Count V: Indemnification
70. The Third-Party Counter-plaintiff incorporates by reference its responses to paragraphs 1 through 69 of the Third-Party Complaint.
71. The Third-Party Counter-plaintiff denies the information contained in paragraph 71 of the Third-Party Complaint.
72. The Third-Party Counter-plaintiff denies the information contained in paragraph 72 of the Third-Party Complaint.


## AFFIRMATIVE DEFENSES

1. The Complaint fails to state, in whole or in part, a claim upon which relief may be granted.
2. The Plaintiffs' claims are barred by the doctrine of waiver.
3. The Plaintiffs' claims are barred, in whole or in part, as a matter of law.
4. The Plaintiffs' claims are barred by the applicable statute of limitations.
5. The Plaintiffs' claims are barred by the doctrine of laches.

6. The Plaintiff by its own conduct is estopped from asserting the claims set forth in its Complaint.
7. The Plaintiffs' claims are barred by the doctrine of unclean hands.
8. The Plaintiffs' claims are barred for lack of jurisdiction.

WHEREFORE, the Third-Party Counter-plaintiff requests that this Honorable Court enter a judgment in its favor, that the Third-Party Counter-defendants take nothing by way of their Third-Party Complaint, and for all other just and proper relief.

## COUNTERCLAIMS

1. The Third-Party Counter-plaintiff incorporates by reference its responses to paragraphs 1 through 72 of the Third-Party Complaint.

2. AWM begin contracting with U.S. Fence and Fenclo under the Home Depot Quick Ship Program to store, handle, and ship U.S. Fence/Fenclo product in late 1997. This program meant that U.S. Fence and Fenclo would send their various products to AWM in bulk, and AWM would store such product until a customer at Home Depot would place an order for a product. Such order would be sent to AWM and AWM would ship such product to the customer.

3. AWM would be paid by Home Depot for the shipping, and U.S. Fence or Fenclo would be paid directly by Home Depot for the actual product shipped.

4. AWM would be paid by U.S. Fence or Fenclo for storage of the product and special handling of the product.

5. U.S Fence also contracted with AWM to have AWM handle storage, shipping and special services for U.S. Fence products outside of the Home Depot Quick Ship Program.

6. Fenclo also contracted with AWM to have AWM handle storage, shipping and special services for Fenclo products outside of the Home Depot Quick Ship Program.

7.  U.S. Fence and Fenclo stopped paying AWM for storage of product and special handling of product that was under contract in the spring of 2002.

8.  AWM stopped accepting product from U.S. Fence and Fenclo on or about October 2002 because of continuing lack of payment by U.S. Fence and Fenclo for storage and special handling.

9.  U.S. Fence and Fenclo refused and continue to refuse to pay AWM the monies owed for the storage of their product and special handling.

10. The amounts currently owed by U.S. Fence and Fenclo for storage and special handling is no less than $110,000.00.

## COUNT I:  BREACH OF CONTRACT AGAINST U.S. FENCE, LLC

11. The Third-Party Counter-plaintiff incorporates by reference its responses to paragraphs 1 through 10 of the Third-Party Counter-plaintiff's Counterclaims.

12. AWM's agreements with U.S. Fence required U.S Fence to pay AWM for AWM's storing, shipping, and special handling of U.S. Fences's product.  Such payment was the consideration for AWM performing such services.

13. AWM stored, shipped, and provided other special services for U.S. Fence's products.

14. U.S. Fence breached its agreement with AWM by failing to pay AWM for the services rendered by AWM.

## COUNT II:  BREACH OF CONTRACT AGAINST FENCLO, LTEE

15. The Third-Party Counter-plaintiff incorporates by reference its responses to paragraphs 1 through 14 of the Third-Party Counter-plaintiff's Counterclaims.

16. AWM's agreements with Fenclo required Fenclo to pay AWM for AWM's storing, shipping, and special handling of Fenclo's product. Such payment was the consideration for AWM performing such services.

17. AWM stored, shipped, and provided other special services for Fenclo's products.

18. Fenclo breached its agreement with AWM by failing to pay AWM for the services rendered by AWM.

WHEREFORE, the Third-Party Counter-plaintiff, AWM Transportation, Inc., respectfully requests judgment and relief against Third-Party Counter-defendants, U.S. Fence, LLC, and Fenclo, LTEE, on Counts I and II, and all such other and further relief as the Court deems appropriate, including attorneys' fees and costs.

AWM Transportation, Inc.,
By its attorney,

/s/ James P. Ehrhard
James P. Ehrhard (BBO#651797)
KRESSLER & KRESSLER, P.C.
11 Pleasant Street
Worcester, Massachusetts 01609
jamese@conversent.net
Tel: 508.831.3556

Dated: October 5, 2004

## **CERTIFICATE OF SERVICE**

     I, James P. Ehrhard, hereby certify that, upon receipt of the notice of electronic service, I will immediately serve a copy of 'AWM Transportation, Inc.'s Answer to Third-Party Complaint and AWM Transportation, Inc.'s Counterclaims Against U.S. Fence, LLC and Fenclo, LTEE' by first class mail to the parties listed below if not noted as having received electronic service:

Dianne R. Phillips, Esq.
Holland & Knight, LLP
10 St. James Avenue, 11th Floor
Boston, Massachusetts 02116

Susan Poder MacFarlane, Esq.
Holland & Knight, LLP
195 Broadway
New York, New York 10007

                                                    /s/ James P. Ehrhard
                                                    James P. Ehrhard, Esq.

Dated:  October 5, 2004