UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

THE HAMILTON GROUP (DELAWARE), INC.
Individually and as successor in interest to
AWM TRANSPORTATION CO., INC.,

        Plaintiff,

v.

U.S. FENCE, LLC, and FENCLO LTEE,

        Defendants/
        Third-Party
        Plaintiffs,

v.

AWM TRANSPORTATION, INC.,

        Third-Party
        Defendant.

NO. 4:04-CV-40144-FDS

---

## U.S. FENCE, LLC and FENCLO LTEE'S ANSWER TO AWM TRANSPORTATION, INC.'S COUNTERCLAIMS

Third-party Plaintiffs U.S. Fence, Inc., f/k/a U.S. Fence, LLC ("U.S. Fence"), and Fenclo Ltée ("Fenclo" and, together "Third-party Plaintiffs"), by their attorneys, Holland & Knight LLP, for their Answer and Defenses to the Counterclaims asserted by third party defendant AWM Transport, Inc. ("AWM"), state as follows:

### ANSWER TO COUNTERCLAIMS

1.    With respect to AWM's responses in its Answer to paragraphs 1 through 72 of the U.S. Fence and Fenclo's Third Party Complaint, Third-party

# 2382102_v1

Plaintiffs deny that any of AWM's denials or claims of lack of information are correct.

2. Third-party Plaintiffs admit that they had agreements with AWM for the storage, handling and shipment of their respective products, but deny that Paragraph 2 of AWM's Counterclaims fully or accurately sets forth the terms of those agreements. Further answering, Third-party Plaintiffs state that those agreements speak for themselves.

3. Third-party Plaintiffs admit that they would be paid by Home Depot for the actual product shipped under Third-party Plaintiff's' contracts with Home Depot. Further answering, Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 3 of AWM's Counterclaims.

4. Third-party Plaintiffs admit that U.S. Fence and Fenclo agreed to pay AWM for storage and handling of their respective products, but deny that paragraph 4 of AWM's Counterclaims fully or accurately sets forth the terms of those agreements. Further answering, Third-party Plaintiffs state that those agreements speak for themselves.

5. Third-party Plaintiffs admit the allegations in paragraph 5 of AWM's Counterclaims.

6. Third-party Plaintiffs admit the allegations in paragraph 6 of AWM's Counterclaims.

7. Third-party Plaintiffs deny the allegations contained in paragraph 7 of AWM's Counterclaims, except to state that payments made after the spring of 2002 were redirected to AWM, care of The Hamilton Group (Delaware), Inc., pursuant to a valid notice of redirection.

8. Third-party Plaintiffs deny the allegations contained in paragraph 8 of AWM's Counterclaims.

9. Third-party Plaintiffs deny the allegations contained in paragraph 9 of AWM's Counterclaims.

10. Third-party Plaintiffs deny the allegations contained in paragraph 10 of AWM's Counterclaims.

**COUNT I: BREACH OF CONTRACT AGAINST U.S. FENCE, LLC**

11. U.S. Fence repeats and realleges its responses to the allegations contained in paragraphs 1 through 10 of AWM's Counterclaims as though set forth at length herein.

12. U.S. Fence admits that it had an agreement with AWM which required certain payments to AWM for storage, shipping and handling of U.S. Fence's products, but denies that paragraph 12 of AWM's counterclaims fully or accurately sets for the terms of that agreement.

13. U.S. Fence denies that AWM provided the storage, shipping and other services required by U.S. Fence's agreement with AWM, as alleged in paragraph 13 of AWM's counterclaims.

14. U.S. Fence denies the allegations contained in paragraph 14 of AWM's Counterclaims.

**COUNT II: BREACH OF CONTRACT AGAINST FENCLO, LTEE**

15. Fenclo repeats and realleges its responses to the allegations contained in paragraphs 1 through 10 of AWM's Counterclaims as though set forth at length herein. Fenclo makes no answer to the allegations contained in paragraphs 11 through 14 of AWM's Counterclaims as those paragraphs are not directed to this party.

16. Fenclo admits that it had an agreement with AWM which required certain payments to AWM for storage, shipping and handling of Fenclo's products, but denies that paragraph 16 of AWM's counterclaims fully or accurately sets for the terms of that agreement.

17. Fenclo denies that AWM provided the storage, shipping and other services required by Fenclo's agreement with AWM, as alleged in paragraph 17 of AWM's counterclaims.

18. Fenclo denies the allegations contained in paragraph 18 of AWM's Counterclaims.

WHEREFORE, Third-party Plaintiffs U.S. Fence, Inc. and Fenclo Ltée hereby demand judgment in their favor and against Third-party Defendant AWM Transport, Inc., dismissing its Counterclaims with prejudice, and awarding U.S. Fence, Inc. and Fenclo Ltée damages as demanded in their Third-party Complaint,

their attorney's fees, costs and disbursements, and such other relief as the Court deems proper and just.

## DEFENSES

### First Defense

AWM's counterclaims fail to state a claim upon which relief may be granted.

### Second Defense

AWM's counterclaims are barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

### Third Defense

AWM's counterclaims are barred for failure of consideration.

### Fourth Defense

AWM's counterclaims are barred by the applicable statute of limitations.

### Fifth Defense

AWM's counterclaims are barred by the statute of frauds.

### Sixth Defense

AWM is barred from collecting on its breach of contract claims due to its own prior material breach and due to its failure to perform conditions precedent, including, but not limited to, performance.

### Seventh Defense

U.S. Fence and Fenclo hereby reserve their rights to assert additional defenses and to supplement or amend these defenses as discovery and investigations proceeds in this litigations up to and including the time of trial.

WHEREFORE, third party plaintiffs U.S. Fence, Inc. and Fenclo Ltée hereby demand judgment in their favor and against third-party defendant AWM Transport, Inc., dismissing its Counterclaims with prejudice, and awarding U.S. Fence, Inc. and Fenclo Ltée damages as demanded in their Third Party Complaint, their attorney's fees, costs and disbursements, and such other relief as the Court deems proper and just.

Dated: November 23, 2004

                        HOLLAND & KNIGHT LLP

By: _____
Dianne R. Phillips (BBO No. 552982)
10 St. James Avenue, 11th Floor
Boston, Massachusetts 02116
617-523-2700

Susan Poder MacFarlane (Bar No. 512015)
(admitted *pro hac vice*)
195 Broadway
New York, New York 10007
(212) 513-3200

Attorneys for Third Party Plaintiffs
U.S. Fence, Inc., f/k/a U.S. Fence, LLC
and Fenclo Ltée

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to James P. Ehrhard, Esq., Kressler & Kressler, P.C., 11 Pleasant Street, Worcester, MA 01609 via first class mail on this 23nd day of November, 2004:

_____
Dianne R. Phillips